

FILED
Oct 17, 2019
12:50 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD


# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Edward Warren | ) | Docket No.  2017-07-0811 |
| | ) | |
| v. | ) | State File No. 18507-2016 |
| | ) | |
| The Pictsweet Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded

---

The employee, a mechanic, alleged suffering work-related injuries to his back while replacing a belt on a conveyor.  The claim was accepted as compensable, and the employer provided workers' compensation benefits.  The parties settled the case prior to the expiration of the original compensation period, leaving open the employee's right to seek increased or extraordinary benefits.  At the end of his initial benefit period, the employee filed a petition seeking increased and/or extraordinary benefits.  The employer filed a motion for summary judgment alleging the employee was unable to show by clear and convincing evidence that limiting his benefits to the original award would be inequitable.  The trial court denied the motion, concluding the employer did not negate an essential element of the employee's claim or show that the evidence was insufficient to prove an essential element of his claim.  The employer has appealed.  We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner and Judge David F. Hensley joined.

Jennifer S. Slager, Memphis, Tennessee, for the employer-appellant, The Pictsweet Company

Edward L. Martindale, Jr., Jackson, Tennessee, for the employee-appellee, Edward Warren

## Factual and Procedural Background

Edward Warren ("Employee"), a fifty-year-old resident of Haywood County, Tennessee, worked for The Pictsweet Company ("Employer") as a maintenance mechanic. On March 8, 2016, Employee injured his back while replacing a belt on a conveyor. Employer accepted the claim as compensable and provided workers' compensation benefits, including authorized medical treatment from Dr. Samuel Schroerlucke, who diagnosed Employee with lumbar spondylolisthesis and a herniated disc and performed a lumbar fusion. He placed Employee at maximum medical improvement on September 28, 2017, and assigned a twelve percent impairment rating to the body as a whole. Employee returned to work for Employer in a less strenuous job and at a reduced pay rate. However, he continued to experience symptoms and returned to Dr. Schroerlucke on June 21, 2018, at which time Dr. Schroerlucke assigned additional permanent restrictions. Employer was unable to accommodate the increased restrictions and terminated Employee. Employee has not sought employment elsewhere.

On January 19, 2018, the parties entered into a settlement agreement under which Employer paid permanent partial disability benefits for Employee's initial compensation period. On October 18, 2018, after the expiration of the initial benefit period, Employee filed a petition for increased benefits pursuant to Tennessee Code Annotated section 50-6-207 and/or extraordinary benefits under Tennessee Code Annotated section 50-6-242. Employer filed a motion for summary judgment, asserting that Employee failed to show by clear and convincing evidence that it would be inequitable to limit his relief to the original award. Employer argued that, while Employee may be entitled to increased benefits, he was not entitled to extraordinary benefits because he failed to seek any employment after being terminated. Employee responded that the failure to return to work is merely a factor that should be considered in the totality of the circumstances and that a dispute of material fact existed regarding the extent of his disability.

The trial court denied Employer's motion for summary judgment.[1] The court concluded Employer did not successfully negate an essential element of Employee's claim or demonstrate that his proof was insufficient as a matter of law to entitle him to extraordinary benefits. The court further concluded that "employee's failure to return to gainful employment is but one factor in the assessment of vocational ability and is not controlling of the Court's complete analysis." Employer appealed.

---

[1] The trial court considered Employer's motion to be one for partial summary judgment, as Employer acknowledged Employee would be entitled to increased benefits under Tennessee Code Annotated section 50-6-207.

## Standard of Review

A trial court's ruling on a motion for summary judgment is reviewed *de novo* with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

The issue on appeal is whether Employer has shown that Employee cannot present clear and convincing evidence that limiting his award of permanent partial disability benefits to those available under Tennessee Code Annotated section 50-6-207(3)(B) is inequitable, thereby making summary judgment appropriate. Like the trial court, we answer in the negative.

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

When the moving party does not bear the burden of production at trial, "the moving party may either negate an essential element of the non-moving party's claim or show that the non-moving party does not have sufficient evidence to prove an essential element of its claim." *TWB Architects, Inc. v. Braxton, LLC*, No. M2017-00423-SC-R11-CV, 2019 Tenn. LEXIS 296, at *21 (Tenn. July 22, 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)). It is not enough for the moving party to challenge the lack of evidence or cast doubt on the non-moving party's ability to present evidence that proves an element. *See Melton v. BNSF Ry.*, 322 S.W.3d 174, 188 (Tenn. Ct. App. 2010).

Employer argues that Employee failed to show "it would inequitable to limit his award to benefits under [Tennessee Code Annotated section] 50-6-207 given the fact that [Employee] has not even attempted to find work . . . and has instead chosen to rely on Social Security Disability Benefits." However, the Special Workers' Compensation Appeals Panel has recently held that an employee's failure to seek employment does not necessarily serve as an automatic bar to benefits. *See Duignan v. Stowers Mach. Corp.*, No. E2018-01120-SC-R3-WC, 2019 Tenn. LEXIS 224, at *25 (Tenn. Workers' Comp.

Panel June 19, 2019) ("The fact that an employee was able to work after an injury in the same type of employment, earning the same wages, does not 'per se preclude [a trial] court from finding [the employee] is totally disabled.'"). To the contrary, employment after an injury should be considered along with "whether employee, in light of his education, abilities, physical and/or mental infirmities, is employable in the open labor market." *Id.* at *25-26. "The extent of an injured employee's vocational disability is a question of fact for the trial court to determine from all of the evidence presented by the parties, including lay and expert testimony." *Id.* at *22.

In the present case, the parties dispute the extent of Employee's vocational disability and present competing theories on how the trial court should resolve the issue. The trial court was thus faced with different means of analyzing the issue of Employee's vocational disability, an issue that is, ultimately, a determination of fact. As the trial court observed, an employee's failure to make any effort to return to work is but one factor to consider when determining whether Employee is entitled to extraordinary benefits. We agree and conclude the trial court correctly denied the motion for summary judgment.

## Conclusion

For the foregoing reasons, the trial court's order denying partial summary judgment is affirmed and the case is remanded. Costs on appeal are taxed to Employer.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Edward Warren | ) | Docket No.  2017-07-0811 |
| | ) | |
| v. | ) | State File No.  18507-2016 |
| | ) | |
| The Pictsweet Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of October, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Edward L. Martindale, Jr. | | | | X | edwardlmartindale@gmail.com |
| Rachal Wallace | | | | X | rachalmwallace@gmail.com |
| Jennifer S. Slager | | | | X | slagej2@nationwide.com |
| Shelia Boyer | | | | X | boyes2@nationwide.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth  M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov